IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TOTAL SAFETY U.S., INC. and ZURICH SERVICES CORPORATION, as Subrogee of Total Safety U.S., Inc.<br><br>v.<br><br>CRESCENT ENERGY SERVICES, LLC | §<br>§<br>§<br>§  Civil Action No. _____<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, TOTAL SAFETY U.S., INC. and ZURICH SERVICES CORPORATION, as Subrogee of Total Safety U.S., Inc. (collectively, "Plaintiffs"), file their Original Complaint against Defendant, CRESCENT ENERGY SERVICES, LLC ("Defendant" or "Crescent"), and would respectfully show the court that:

### I.
### PARTIES

1. Plaintiff, TOTAL SAFETY U.S., INC. ("Total"), is a corporation that is duly authorized to conduct business in Texas and its principal place of business is located at 11111 Wilcrest Green Dr., Houston, Texas 77042.

2. Plaintiff, ZURICH SERVICES CORPORATION ("Zurich"), is an Illinois Corporation with its principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196. It is authorized to transact business and has transacted business in in Texas.

3. Defendant, CRESCENT ENERGY SERVICES, LLC, formerly named "NCA Energy Services, LLC", is a limited liability company and a citizen of Louisiana. Crescent may be served with process by serving its registered agent, Corporate Services, at 8550 United Plaza Building II, Ste. 305, Baton Rouge, Louisiana 70809.

## II.
## JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) and (2) as diversity exists between Plaintiffs and Crescent, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## III.
## VENUE

5. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.
## FACTS

6. In this breach of contract case, Defendant has failed to fully honor its contractual defense and indemnity obligations. Plaintiffs now come before this Court to enforce the contract and make Defendant honor its contractual obligations.

7. On or about October 1, 2008, McMoRan Oil & Gas, LLC ("McMoRan") and NCA Energy Services, LLC (which is now known as Crescent) entered into an agreement entitled "Master Services Agreement Including General Conditions Under Purchase Orders and/or Verbal Call-Outs" (the "MSA"). A true and correct copy of the MSA is attached hereto as **Exhibit 1** and is incorporated herein by reference. Pursuant to the terms of the MSA, Crescent provided certain work to McMoRan on McMoRan's High Island 561A Platform (the "Platform"). McMoRan also hired Total to provide various safety services on the Platform.

8. Joseph Molander, who was employed by Crescent, was allegedly injured on or about June 8, 2012, while performing work as an E-Line Operator on the Platform. Mr. Molander sued Total and others in C.A. No. 3:12-cv-00314; *Joseph Molander v. McMoRan Exploration Co. and Gulf Crane Service, et. al.;* in the United States District Court for the

Southern District of Texas, Galveston Division (the "underlying action"). At the time of the alleged accident, Mr. Molander's services were being provided to McMoRan pursuant to the terms of the MSA.

9. The MSA includes Exhibit "A", which is entitled "McMorRan Oil & Gas LLC and Affiliates General Conditions" ("General Conditions"). A true and correct copy of the General Conditions is attached hereto as **Exhibit 1-A** and is incorporated herein by reference. The General Conditions contains the following indemnity provision, which provides in pertinent part:

> **CONTRACTOR SHALL RELEASE, INDEMNIFY, DEFEND AND SAVE HARMLESS: (I) OWNER, (II) ANY PARENT, SUBSIDIARY OR OTHER AFFILIATE OF OWNER, ... (IV) ANY AND ALL OF THE RESPECTIVE ... CONTRACTORS ... OF EACH OF THE PERSONS OR ENTITIES DESCRIBED IN (I) THROUGH (III) AND (V) THE INSURERS AND SUBROGEES OF EACH OF THE PERSONS OR ENTITIES DESCRIBED IN (I) THROUGH (IV) (COLLECTIVELY THE "OWNER INDEMNIFIED PARTIES") FROM AND AGAINST ALL CLAIMS, DEMANDS OR CAUSES OF ACTION OF EVERY KIND AND CHARACTER FOR BODILY INJURY OR DEATH OF ... CONTRACTOR'S EMPLOYEES ... ARISING DIRECTLY OR INDIRECTLY OUT OF THE WORK UNDER THIS AGREEMENT WITHOUT REGARD TO THE CAUSE OR CAUSES THEREOF, INCLUDING BUT NOT LIMITED TO ... THE FAULT OR NEGLIGENCE OF ANY PARTY, INCLUDING THE SOLE OR CONCURRENT FAULT OR NEGLIGENCE OF OWNER INDEMNIFIED PARTIES. FOR THE PURPOSES OF THIS ARTICLE 5.0, THE REFERENCE TO THE CONTRACTORS OF OWNER DOES NOT REFER TO CONTRACTOR HEREUNDER.**

*See* **Exhibit 1-A**, Section 5.1.

10. At the time of the alleged accident, Total was performing services on the Platform as a contractor for McMoRan. Therefore, with respect to the claims asserted by Mr. Molander in

the underlying action, Total was an "Owner Indemnified Party" per the plain language of the MSA. Consequently, Defendant was contractually obligated to "indemnify, defend and save harmless" Total "from and against all claims, demands or causes of action of every kind and character for bodily injury."

11. On October 18, 2013, Total's counsel in the underlying action tendered a demand for defense and indemnity, pursuant to the MSA, to Crescent and its insurer, Liberty International Underwriters ("Liberty"). A true and correct copy of the October 18, 2013, letter is attached hereto as **Exhibit 2** and incorporated herein by reference. Total's counsel subsequently sent defense and indemnity demands to Liberty on October 21, 2013, and October 22, 2013. True and correct copies of the October 21, 2013, and October 22, 2013, letters are respectively attached hereto as **Exhibits 3 and 4**, and incorporated herein by reference.

12. On November 12, 2013, Liberty accepted Total's defense and indemnity demand subject to a reservation of rights. However, Liberty refused to reimburse Total for the attorneys' fees, defense costs and expenses that were incurred prior to the October 18, 2013 demand. A true and correct copy of Liberty's Reservation of Rights Letter is attached hereto as **Exhibit 5** and incorporated herein by reference. Likewise, Defendant has not reimbursed Total for the attorneys' fees, defense costs and expenses incurred before the October 18, 2013 demand. Thus, Defendant and Liberty arbitrarily declined to fully honor the contractual defense and indemnity obligation that Defendant owed to Total and refused to reimburse Total for the pre-tender attorneys' fees, defense costs and expenses that were incurred before the October 18, 2013 demand in the underlying action.

13. The MSA does not contain any contractual language that supports Defendant's arbitrary declination of its defense and indemnity obligation. Likewise, the MSA does not

contain any contractual language that supports Defendant's attempts to unilaterally limit its defense and indemnity obligation.

14. Rather, the plain language of the contractual defense and indemnity provision does not contain a temporal limitation, a notice requirement, nor does it limit or differentiate between Defendant's pre-tender or post-tender defense and indemnity obligation. Defendant's apparent attempt to differentiate its defense and indemnity obligation between pre-tender and post-tender obligations is not supported by the plain language of the MSA. Therefore, Defendant's arbitrary declination of its defense and indemnity obligation for attorneys' fees, costs and expenses incurred prior to Total's October 18, 2013 demand is unwarranted. Consequently, Defendant has breached the MSA.

15. The underlying action was resolved and Defendant's insurer honored Defendant's contractual defense and indemnity obligation to Total for all attorneys' fees, costs and expenses incurred after Total's October 18, 2013 demand. However, Plaintiffs are entitled to recover all of the attorneys' fees, costs and expenses that were incurred in the underlying action. Thus, Plaintiffs reserved their right to seek recovery of the attorneys' fees, costs and expenses incurred prior to Total's October 18, 2013 demand and do so in this Court.

## V.
## BREACH OF CONTRACT

16. The MSA required Defendant to defend and indemnify Total in the underlying action. On October 18, 2013, Total demanded defense and indemnity from Defendant pursuant to the terms of the MSA. Total received defense and indemnity for all attorneys' fees, costs and expenses incurred after Total's October 18, 2013 demand letter. However, Defendant did not defend and indemnify Total for all attorneys' fees, costs and expenses incurred prior to Total's October 18, 2013 demand letter. Importantly, Defendant's contractual duty to defend and

indemnify Total is independent and separate of any duties Defendant's insurer owed Defendant under an insurance agreement between the insurer and Defendant.

17. Plaintiffs made numerous demands to Defendant for reimbursement of the attorneys' fees, costs and expenses incurred prior to Total's October 18, 2013 demand letter. However, Defendant has refused to respond to any of Plaintiffs' demands. Thus, Defendant has failed to honor its contractual defense and indemnity obligations to Total (and Zurich as Total's subrogee). Accordingly, Defendant's conduct constitutes a breach of contract.

18. As a result of Defendant's breach of the MSA, Plaintiffs have sustained damages including, but not limited to, attorney's fees, costs and expenses incurred in defending the underlying action and in prosecuting this action, as well as any other damages to be proven at trial as Plaintiffs' damages continue to accrue.

## VI.
## PROMISSORY ESTOPPEL

19. Without waiving the foregoing claims, and pleading in the alternative, Plaintiffs plead for recovery under the doctrine of promissory estoppel. Pursuant to the terms of the MSA, Defendant made promises that it would defend and indemnify Total under the MSA. It was foreseeable to Defendant that Total would rely on Defendant's promises. Plaintiffs relied on Defendant's promise to provide defense and indemnity and incurred attorney's fees, costs and expenses in reliance on those promises.

20. Defendant and/or its insurer only accepted the contractual defense and indemnity obligation with respect to Total attorney's fees, costs and expenses incurred after Total's October 18, 2013 demand for defense and indemnity. However, Defendant has failed to fully honor its contractual defense and indemnity obligation and has not reimbursed Total for the attorney's fees, costs and expenses incurred prior to Total's October 18, 2013 demand. Consequently,

Plaintiffs seek to have the Court fully enforce Defendant's promise as Plaintiffs have been damaged.

## VII.
## DAMAGES

21. Prior to tendering Total's demand for defense and indemnity on October 18, 2013, Plaintiffs incurred approximately $87,251.40 in attorney's fees, costs and expenses related to Total's defense in the underlying action. Plaintiffs' attorney's fees, costs and expenses continue to accrue.

## VIII.
## ATTORNEY'S FEES

22. As a result of Defendant's breach, Plaintiffs retained an attorney and seek reimbursement for the reasonable attorney's fees, costs and expenses incurred in this action. Accordingly, Plaintiffs should be awarded the reasonable attorney's fees, costs and expenses they have incurred to prosecute this claim against Defendant.

## IX.
## CONDITIONS PRECEDENT

23. All conditions precedent have been performed or have occurred as required by law.

## X.
## FOR THE COURT'S EYES ONLY, NOT TO BE READ BY THE JURY (IF ANY)

24. Plaintiffs hereby give notice that this lawsuit is being brought and prosecuted in part by Total's insurer, Zurich, pursuant to Zurich's contractual subrogation rights in its insurance policy with Total. Certain damages incurred by Total, as a result of this loss, were tendered by Zurich and subsequently paid to Total pursuant to the insuring policy between Zurich and Total.

## PRAYER

FOR THESE REASONS, Plaintiffs pray that Defendant be cited to appear and answer and, upon final trial, Plaintiffs be granted judgment as follows:

- a. Judgment against Defendant for all damages sustained by Plaintiffs at the maximum contractual and/or legal rate of interest from the date of breach until judgment;
- b. Pre and post-judgment interest on any and all amounts awarded to Plaintiffs;
- c. Reasonable and necessary attorney's fees, costs and expenses as described above;
- d. Costs of Court; and
- e. Such other and further relief as Plaintiffs may be justly entitled.

Respectfully submitted,

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH

By: /s/ Adraon D. Greene
Crescent
Attorney-in-Charge
agreene@gallowayjohnson.com
Federal I.D. No. 25029
State Bar No. 24014533
Juvie A. Cruz
jcruz@gallowayjohnson.com
Federal I.D. No. 939594
State Bar No. 24052012
1301 McKinney, Suite 1400
Houston, Texas 77010
Phone: (713) 599-0700
Fax: (713) 599-0777

**ATTORNEYS FOR PLAINTIFFS**

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas   77010
Phone: (713) 599-0700
Fax: (713) 599-0777