IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TOTAL SAFETY U.S., INC. and ZURICH SERVICES CORPORATION, as Subrogee of Total Safety U.S., Inc. | § § § § § § § | |
| v. | | Civil Action No. 3:16-cv-00098 |
| CRESCENT ENERGY SERVICES, LLC | | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS'MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE GEORGE C. HANKS, JR:

Plaintiffs, Total Safety U.S., Inc. ("Total") and Zurich Services Corporation, as Subrogee of Total Safety U.S., Inc. ("Zurich") (collectively "Plaintiffs"), file this Reply[1] in Support of Plaintiffs' Motion for Summary Judgment [Doc. 34], and would respectfully show this Court as follows:

**I.
SUMMARY OF THE ARGUMENT**

1. Despite CES's best efforts to shift its contractual obligations to its insurer, this breach of contract case is based on CES's failure to defend and indemnify Total pursuant to the MSA. This is not an insurance coverage case. CES inexplicably and incorrectly states indemnity is "not the issue presented to the Court."[2] This statement is truly perplexing because the parties stipulated that "one of the determinative issues in this matter is whether Texas law

---

[1] Plaintiffs fully incorporate by reference, as if fully set forth herein, their previously filed Motion for Summary Judgment and Memorandum in Support [Doc. 34] ("Plaintiffs' Motion for Summary Judgment"), all exhibits filed therewith and Plaintiffs' Response to Crescent Energy Services' Motion for Summary Judgment [Doc. 40].

[2] *See* CES's Memorandum in Opposition to Motion for Summary Judgment [Doc. 39], at p. 3.

allows Plaintiffs to recover pre-tender contractual defense and indemnity costs" pursuant to the MSA.[3]

2. The indemnity agreement is valid because it is supported by mutual indemnity obligations and mutual insurance obligations that satisfy the Texas Oilfield Anti-Indemnity Act's ("TOAIA") "mutual indemnity obligation" exception. CES's attempts to escape that fact by relying on language in its insurance contract with Liberty International Underwriters ("Liberty") are to no avail.[4] CES erroneously asserts that "Texas law" voids any further indemnity beyond the extent of insurance.[5] However, Texas law is clear that once an agreement falls within the TOAIA's exception, it is a valid and enforceable indemnity agreement.

## II.
## ARGUMENTS AND AUTHORITIES

3. CES's duty to "release, indemnify, defend, and save harmless" Total is the dispositive issue in this matter.[6] However, CES seeks to avoid paying any pre-tender attorneys' fess and expenses. CES had a duty to defend and indemnify Total because Total is one of the "Owner Indemnified Parties" and the MSA contains a valid indemnity provision. CES's failure to perform under the indemnity provision constitutes breach of contract. To avoid its defense and indemnity obligations under the MSA, CES incorrectly attempts to shield itself with an insurance policy issued by Liberty.

---

[3] *See* Stipulation and Agreed Motion to Amend the Docket Control Order's Deadline for Plaintiff to Identify Experts and Produce Expert Reports under Federal Rule of Civil Procedure 26(a)(2)(B), if necessary [Doc. 25], a true and correct copy of which is maintained in the Court's file.

[4] *See* CES's Memorandum in Opposition to Motion for Summary Judgment [Doc. 39], at p. 3.

[5] *See* CES's Memorandum in Opposition to Motion for Summary Judgment [Doc. 39], at p. 3.

[6] It is undisputed that the MSA also required CES to identify Total as an additional insured. However, these are separate and distinct contractual obligations. CES seems to assert that performing one of three contractual obligations - providing insurance pursuant to the MSA - obviates its defense and indemnity obligations. Importantly, CES did not cite any Texas authority to support this proposition.

4. CES is not an insurance company, Total is not its insured, the MSA is not an insurance contract and CES's insurance contract with Liberty is not part of the MSA. Thus, CES's attempt to incorporate by reference its insurance contract to avoid its contractual defense and indemnity obligations is misguided at best.

**A.   The MSA Makes No Distinction Between Pre-Tender And Post-Tender Costs.**

5. The plain language of the MSA does not contain any temporal limitations nor does it distinguish between pre-tender and post-tender costs. Texas law clearly states the ordinary and commonly accepted meaning of the phrase "indemnify, defend, and save harmless" includes attorney's fees, and the contractual promise to defend includes the obligation to pay for the defense of such suits.[7] CES has not relied on a single Texas case that permits an indemnity obligation to be limited to either pre-tender or post-tender costs.

6. Nonetheless, CES incorrectly seeks to split its indemnity obligation into two categories; those costs incurred pre-tender and those incurred post-tender. It then seeks to avoid any obligation for pre-tender costs by relying on language in its insurance contract with Liberty that required Liberty (or CES's insurers) to pay all post-tender costs. CES's reliance on the foregoing is misplaced, misguided and a mistake that is the death knell to its case.

7. It is axiomatic that Texas courts analyze a contract for indemnity under the same legal principles applicable to any other contract.[8] Thus, if the parties wanted to incorporate or include language from an insurance contract into the MSA, they would have done so. However, they did not. Likewise, if the parties wanted to limit their respective indemnity obligations by

---

[7] *Keystone Equity Mgmt. v. Thoen*, 730 S.W.2d 339, 340 (Tex.App.-Dallas 1987, no writ). *See Garcia v. Sky Climber, Inc.*, 470 S.W.2d 261, 269-270 (Tex. Civ. App Houston [1st] 1971, writ refused Feb 2, 1972) (holding attorneys' fees and court costs are recoverable under a hold harmless indemnity agreement).

[8] *Gulf Ins. Co. v. Burns Motors, Inc.,* 22 S.W.3d 417, 423 (Tex. 2000). *Safeco Ins. Co. of America v. Gaubert*, 829 S.W.2d 274, 281 (Tex. App.—Dallas 1992, writ denied).

3

relying on their insurers' performance, the language of the MSA would indicate as much. However, it does not.

8. The validity of the TOAIA's "mutual indemnity obligation" exception is not established by an insurer's performance under the insurance contract. Instead, Texas law is clear - the parties need only "agree in writing that the indemnity obligation *will be* supported by liability insurance coverage *to be* furnished by the indemnitor."[9] Thus, once the parties execute the agreement, the TOAIA exception applies.[10] Once the TOAIA exception applies, the indemnity provision is valid and enforceable.

9. CES seems to argue that Total is not entitled to reimbursement for pre-tender costs because it defended itself before tendering a demand.[11] However, Total did what any defendant would have done when sued – defended itself. CES's attempt to punish Total for defending itself is not supported by the law, the MSA or common sense. Importantly, there is nothing that Total did during the course of its defense that prejudiced CES or Liberty as evidenced by Liberty's failure to assert its reservation of rights against Total.[12] Total demanded reimbursement for the costs and expenses incurred in its defense on multiple occasions, and it

---

[9] *See Nabors Corporate Servs. v. Northfield Ins. Co.,* 132 S.W.3d 90, 96 (Tex.App.-Houston [14th Dist.] 2004, no pet. (citing TEX. CIV. PRAC. & REM.CODE § 127.005(a) (emphasis in the original)).

[10] *See Nabors,* 132 S.W.3d at 96-97 (citing *Maxus Exploration Co. v. Moran Bros.,* 773 S.W.2d 358, 361 n. 3 (Tex.App.-Dallas 1989), *aff'd in part, rev'd in part,* 817 S.W.2d 50 (Tex.1991) (addressing an issue of "self-insurance" under the TOAIA, noting the statute requires only that there be a written agreement that insurance coverage will be provided, and that the statute does not serve to void an indemnity provision if the coverage does not in fact exist); *see Ken Petroleum,* 24 S.W.3d at 351 (finding that section 127.005 only requires a writing to memorialize that each party has agreed to provide insurance to support the indemnity obligations)).

[11] *See* CES's Memorandum in Opposition to Motion for Summary Judgment [Doc. 39], at p. 4 wherein CES asserts "Plaintiffs' voluntarily incurred costs" related to the defense of the case. To be clear, Total was sued and defended itself; there was nothing voluntary about it.

[12] *See* Doc. 34-8.

has always contested the refusal to reimburse it and Zurich for those costs. Thus, CES's contention that Plaintiffs did not reserve their rights in this regard are misleading at best.[13]

### B.     CES Had A Duty To Defend And Indemnify Total.

10.     Pursuant to a valid indemnity provision, CES was required to defend and indemnify Total as well as name Total as an additional insured. Notably, the duty to defend and the duty to indemnify are two distinct obligations.[14] In fact, courts readily distinguish the duty to defend and the duty to indemnify and often find the duty to defend even where there is no finding of liability or duty to indemnify.[15] Generally, when parties include an indemnity provision in a contract, the duty to indemnify includes the duty to pay for **all** costs and expenses associated with defending suits against the indemnitee.[16] The duty to defend is determined solely by the precise language in the contract and the factual allegations in the pleadings.[17]

11.     Here, the MSA (not CES's insurance contract with Liberty) controls CES's obligation to defend and indemnify Total. Similar to *Nabors v. Northfield*, once the parties agreed in writing that the indemnities in the MSA would be supported by insurance, they complied with the safe harbor provisions of the TOAIA. Thereafter, CES was required to defend and indemnify Total.

---

[13]     *See* Doc. 34-4, 34-5, 34-6, 34-7, 34-11, 34-12, and 34-13.
[14]     *Farmers Texas Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 82 (Tex.1997) ("[a]n insurer's duty to defend and duty indemnify are distinct and separate duties. Thus, an insurer may have a duty to defend but, eventually, no duty to indemnify).
[15]     *English v. B.G.P. Int'l, Inc.*, 174 S.W.3d 366, 371 at FN 4; *see also Reser v. State Farm Fire & Cas. Co.,* 981 S.W.2d 260, 263 (Tex.App.-San Antonio 1998, no pet.) (the duty to defend "is unaffected by facts ascertained before suit, developed in trial, or by the ultimate outcome of the case"); *E & L Chipping Co., Inc. v. Hanover Ins. Co.,* 962 S.W.2d 272, 274–75 (Tex.App.-Beaumont 1998, no pet.) (holding that the duty to defend is broader than the duty to indemnify).
[16]     *English,* 174 S.W.3d at 370 (internal citations omitted) (emphasis added).
[17]     *English,* 174 S.W.3d at 372 (citing *Griffin,* 955 S.W.2d at 82; and *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.,* 106 S.W.3d 118, 125 (Tex.App.-Houston [1st Dist.] 2003, pet. denied) ("The duty to defend may be triggered by the pleadings, but the duty to indemnify is based on the jury's findings.").

12. There is no language in the MSA that incorporates the purported limitations contained in the CES/Liberty insurance contract. Had the parties intended to include or incorporate language from the insurance contract into the MSA that would limit the indemnity obligations, that intent would be reflected in the plain language of the MSA. It is not. CES is essentially asking the Court to add language to the MSA to avoid its contractual defense and indemnity obligations.

13. CES entered into the insurance contract with Liberty. Likewise, CES agreed to any purported limitations on coverage in the insurance contract with Liberty. However, those purported insurance limitations did not obviate CES's contractual defense and indemnity obligations to Total under the MSA. CES's reliance on case law to the contrary is inapposite because those decisions were based on the specific language of the insurance contract at issue.[18]

14. CES failed to defend and indemnify Total. Total and Zurich incurred and paid approximately $82,076.00 in attorney's fess and expenses.[19] Contrary to the plain language of the MSA, CES has refused to reimburse Total and Zurich for those fees and expenses. Consequently, CES has breached the MSA, Plaintiffs suffered damage and they are entitled to summary judgment on their breach of contract claims.

**PRAYER**

Wherefore, premises considered, Plaintiffs Total Safety U.S., Inc. and Zurich Services Corporation, as Subrogee of Total Safety U.S., Inc., pray that this Court grant their Motion for Summary Judgment [Doc. 34] in its entirety, and further relief, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

---

[18] *See* CES's Memorandum in Opposition to Motion for Summary Judgment [Doc. 39], at p. 9.

[19] *See* Declaration of Kristin Gasser [Doc. 34-1] at ¶ 10.

Respectfully submitted,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

*/s/ Adraon D. Greene*
Adraon D. Greene
  Federal I.D.  No. 25029
  State Bar No. 24014533
  agreene@gallowaylawfirm.com
Kelsi M. Wade
  Federal I.D.  No. 2274018
  State Bar No. 24088597
  kwade@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH
1301 McKinney Suite 1400
Houston, Texas   77010
(713) 599-0700 – Telephone
(713) 599-0777 – Facsimile

**ATTORNEYS FOR TOTAL SAFETY U.S., INC. and ZURICH SERVICES CORPORATION, as Subrogee of Total Safety U.S., Inc.**

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2017, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.  I also certify that I have forwarded this filing by regular U.S. Mail, postage pre-paid, this same day to all non-CM/ECF participants.

*/s/ Adraon D. Greene*
Adraon D. Greene
Kelsi M. Wade