IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **TOTAL SAFETY U.S., INC. AND ZURICH SERVICES CORPORATION, AS SUBROGEE OF TOTAL SAFETY U.S. , INC.** § § § § § | |
| **V.** § | **C.A. NO. 3:16-cv-00098** |
| § | |
| **CRESCENT ENERGY SERVICES, LLC.** § | |

### THIRD PARTY DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY/LIBERTY INTERNATIONAL UNDERWRITERS' FOURTH PARTY COMPLAINT

Subject to and without waiving its Motion to Dismiss, or Alternatively, to Stay Third Party Action in Favor of Arbitration, Third Party Defendant Liberty Mutual Insurance Company/Liberty International Underwriters ("Liberty") files this its Fourth Party Complaint against Lloyd's Syndicate 1861 and Diamond State Insurance Company, ("Fourth Party Defendants"), and would show as follows:

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

2.  Both of the policies issued by Fourth Party Defendants contain a Service of Suit Clause whereby Fourth Party Defendants agree to submit to the jurisdiction of any court of competent jurisdiction within the United States, and to appoint the "Superintendent, Commissioner or Director of Insurance or any other officer specified for that purpose in the statute as their true and lawful representative upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured . . .." as their agent for service of process. Accordingly, this Court has personal jurisdiction over Fourth Party Defendants, and service of

3009852-1

EXHIBIT A

process may be had on Fourth Party Defendants by serving the Secretary of State of the State of Texas.

3. Plaintiffs, Total Safety U.S., Inc. ("Total Safety") and Zurich Services Corporation (collectively "Plaintiffs") sued Defendant Crescent Energy Services, LLC ("CES") for defense costs they incurred in defending a suit ("the Molander Suit") filed by Joseph Molander ("Molander"), a CES employee, claiming that CES had agreed in a Master Service Agreement with McMoran Oil & Gas LLC ("McMoran") to defend and indemnify Plaintiffs for claims by CES employees. CES, in turn, filed a Third Party Complaint against Liberty, claiming, *inter alia*, that Liberty breached its contract of insurance with CES by not defending CES from the claims arising out of the Molander Suit.

2. Liberty had issued a primary Marine General Liability policy ("the Liberty Policy") to CES. The Liberty Policy had limits of $1 million inclusive of Defense and Related Payments as defined in the Policy.

3. Molander brought suit against McMoran, Total Safety, and others. McMoran and Total Safety tendered the defense of these claims to Liberty as additional assureds under the Liberty Policy. As required by the terms of the Liberty Policy, Liberty accepted coverage for McMoran and Total Safety, and paid its full policy limits to settle the claims Molander had brought against the additional assureds and in Defense and Related Payments.

4. Fourth Party Defendants issued bumbershoot policies to CES that provided coverage to CES and to Total Safety as an additional assured. Total Safety tendered the claim made against it by Molander to Fourth Party Defendants, and Fourth Party Defendants accepted the tender, and took over the negotiation of the settlement with Molander on behalf of Total Safety and contributed toward the settlement. Unlike Liberty, Fourth Party Defendants' contribution to the settlement did

not exhaust their policy limits. Accordingly, if CES has a viable claim against any of its insurers, that claim is against Fourth Party Defendants, not Liberty.

5. Liberty denies any liability to CES. Furthermore, as set forth in its Motion to Dismiss, or Alternatively, to Stay Third Party Action in Favor of Arbitration, Liberty believes that all the claims that CES has asserted should be dismissed or stayed pending arbitration as required by the Liberty Policy. However, in the event that Liberty is somehow found liable to CES, it will subrogated to CES's rights against Fourth Party Defendants.

WHEREFORE, PREMISES CONSIDERED, Third Party Defendant, Liberty Mutual Insurance Company/Liberty International Underwriters, prays that this Fourth Party Complaint be served on Fourth Party Defendants, Lloyd's Syndicate 1861 and Diamond State Insurance Company, and that if Liberty is found liable to Third Party Defendant, that it have judgment over and against Fourth Party Defendants for all amounts awarded to Third Party Defendant, plus its costs, interest and attorneys' fees.

Respectfully submitted,

 /s/ Ivan M. Rodriguez
Ivan M. Rodriguez
Attorney-in-Charge
Texas State Bar No. 24058977
Federal I.D. No. 4566982
**CHAFFE MCCALL, L.L.P.**
801 Travis Street, Suite 1910
Houston, Texas 77002
(713) 546-9800 Telephone
(713) 546-9806 Facsimile
rodriguez@chaffe.com

**and**

Alan R. Davis
LA Bar No. 31694 (PHV)
**CHAFFE MCCALL, L.L.P.**
2300 Energy Centre

3

3009852-1

1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone (504) 585-7000

**ATTORNEYS FOR LIBERTY MUTUAL INSURANCE COMPANY/LIBERTY INTERNATIONAL UNDERWRITERS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the _28th day of September, 2017, I served a true and correct copy of the foregoing pursuant to Rule 5 of the Federal Rules of Civil Procedure, via the CM/ECF system and/or electronic mail and/or by depositing in the United States Mail, postage prepaid and properly addressed to all known counsel of record:

　　　　　　　　　　　　　　　　　　　　　/s/ Ivan M. Rodriguez
　　　　　　　　　　　　　　　　　　　　　Ivan M. Rodriguez

3009852-1